ATLANTIC CITY SEWERAGE COMPANY, PROSECUTOR, v.
BOARD OF PUBLIC UTILITY COMMISSIONERS, RE-
SPONDENT.

Submitted December 3, 1923—Decided March 12, 1924.

**Public Utilities—Rate Making—Value Not Ascertained by Arti-
ficial Rules or Formulæ—Reasonable Judgment Necessary—
Prospective Earnings Proper Subject for Consideration.**

On *certiorari.*

Before Justices TRENCHARD, PARKER and CAMPBELL.

For the prosecutor, *Joseph Thompson* and *John J. Treacy.*

For the respondent, *Thomas Brown.*

For Atlantic City, *L. Edward Herrmann.*

PER CURIAM.

This is a *certiorari* to review the decision of the respondent
on an application of the prosecutor for an increase of rates
in Atlantic City.

Two reasons for reversal are argued by the counsel of
prosecutor in the brief.

The first is that the finding of value of the plant at
$1,600,000 is not correct and was arrived at by improper
methods and upon erroneous principles, in that "there were
only two estimates or appraisals of the present value of the
property of the prosecutor, neither of which was taken by
the board as the basis for fixing rates."

The two estimates referred to are, the one spoken of as
the board's appraisal, showing a value at the time of hearing
of $1,926,747, and the other, referred to as the company's
estimate, showing a value at time of hearing of $1,884,634.

But there were before the respondent other facts, figures and appraisals, with a range, inclusive of the appraisals above referred to, of from $985,944 to $1,926.747.

Undoubtedly, "what the company is entitled to demand in order that it may have just compensation is a fair return upon the reasonable value of the property at the time it is being used for the public." And the value is of that time at which the fixing of the rate or rates is being undertaken.

But it is equally true that "the ascertainment of that value is not controlled by artificial rules. It is not a matter of formulas, but there must be a reasonable judgment, having its basis in a proper consideration of all relevant facts."

The decision of the respondent shows it to be the product of great care and consideration and we do not find that it arrived at the value of $1,600,000 unwarrantedly, nor by the application of any erroneous or illegal principles.

The second reason for reversal is that in fixing rates the respondent not only took into consideration the revenue to be derived from its present business, based upon actual connections with its sewerage system at the time of the closing of the hearing, but also took into consideration revenue that would probably be derived from additional connections that it was estimated would be made for a year thereafter.

In this respect we can find no error. The finding was made upon tangible and competent data and evidence and the fixing of rates was not for the immediate present only, but at least for a reasonable time in the future.

The order of the respondent is affirmed, with costs.